**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>Texas</u>
(State)

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Amscan Purple Sage, LLC

2. **All other names debtor used in the last 8 years**

   N/A

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   4 7 – 4 6 5 3 5 1 4

4. **Debtor's address**

   **Principal place of business**

   100 Tice Blvd.
   Number      Street

   Woodcliff Lake      NJ      07677
   City                State    ZIP Code

   Bergen
   County

   **Mailing address, if different from principal place of business**

   Number      Street

   P.O. Box

   City                State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number      Street

   City                State    ZIP Code

5. **Debtor's website** (URL)

   https://www.partycity.com/

Debtor   **Amscan Purple Sage, LLC**
          Name

Case number *(if known)*_____

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>5</u>  <u>3</u>  <u>2</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor  **Amscan Purple Sage, LLC**                                  Case number *(if known)*_____
         Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                      MM / DD / YYYY

         District _____   When _____   Case number _____
                                      MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?[1]**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor  See Schedule I.                    Relationship  Affiliate

         District  Southern District of Texas       When  01/17/2023
                                                            MM / DD / YYYY

         Case number, if known  _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number        Street

                            _____

                            _____    _____
                            City                         State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

■ **Statistical and administrative information**

---

[1]        The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Schedule I, attached hereto.

Debtor   __Amscan Purple Sage, LLC_____   Case number (if known)_____
                Name

---

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __01/17/2023__
            MM  / DD / YYYY

☒  __/s/ David Orlofsky_____          _____David Orlofsky_____
Signature of authorized representative of debtor       Printed name

Title  __Chief Restructuring Officer__

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page **4**

Debtor    Amscan Purple Sage, LLC      Case number *(if known)*_____
Name

---

**18. Signature of attorney**

✖    /s/ John F. Higgins      Date   01/17/2023
Signature of attorney for debtor        MM / DD / YYYY

John F. Higgins
Printed name

Porter Hedges LLP
Firm name

1000 Main St., 36th Floor
Number     Street

Houston          TX    77002
City           State    ZIP Code

(713) 226-6648          jhiggins@porterhedges.com
Contact phone           Email address

09597500          TX
Bar number           State

---

## Schedule I

## Affiliated Entities

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Party City Holdco Inc.
Amscan Custom Injection Molding, LLC
Amscan Inc.
Amscan Purple Sage, LLC
Am-Source, LLC
Anagram Eden Prairie Property Holdings LLC
Party City Corporation
Party City Holdings Inc.
Party Horizon Inc.
PC Intermediate Holdings, Inc.
PC Nextco Finance, Inc.
PC Nextco Holdings, LLC
Print Appeal, Inc.
Trisar, Inc.

**Omnibus Resolutions**
**of the Respective Governing Bodies**
**of the Party City Group Companies**

**January 16, 2023**

**WHEREAS**, (i) each of Party City Holdco Inc., Party City Corporation, Party City Holdings Inc., Party Horizon Inc., PC Intermediate Holdings, Inc., and PC Nextco Finance, Inc. (collectively, the "Delaware Corporations") is a Delaware corporation managed by a board of directors (collectively, the "Delaware Boards"), (ii) each of Amscan Custom Injection Molding, LLC, Amscan Purple Sage, LLC, Anagram Eden Prairie Property Holdings LLC, and PC Nextco Holdings, LLC (collectively, the "Delaware LLCs") is a Delaware limited liability company managed by its sole member (collectively, the "Delaware Members"), (iii) Amscan Inc. ("Amscan") is a New York corporation managed by a board of directors (the "Amscan Board"), (iv) Am-Source, LLC ("Am-Source") is a Rhode Island limited liability company managed by its sole member (the "Am-Source Member"), (v) Print Appeal, Inc. ("Print Appeal") is a Texas corporation managed by a board of directors (the "Print Appeal Board"), and (vi) Trisar, Inc. ("Trisar") is a California corporation managed by a board of directors (the "Trisar Board");

**WHEREAS**, the Delaware Corporations, Delaware LLCs, Amscan, Am-Source, Print Appeal, and Trisar are referred to herein collectively as the "Party City Group Companies" and each individually as a "Group Company", and the Delaware Boards, Delaware Members, Amscan Board, Am-Source Member, Print Appeal Board, and Trisar Board are referred to herein collectively as the "Governing Bodies" and each individually as the "Governing Body" in respect of its applicable Group Company;

**WHEREAS**, each Governing Body has reviewed and considered the financial and operational condition of their respective Party City Group Company and of the Party City Group Companies as a whole, including (which word, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the historical performance of the Party City Group Companies, the assets of the Party City Group Companies, the current and long-term liabilities of the Party City Group Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

**WHEREAS**, each Governing Body has received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of its applicable Group Company and such Group Company's legal, financial, and other outside professional advisors as to the financial condition of the Party City Group Companies and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, each Governing Body reasonably believes that its applicable Group Company's pursuing a case under the Bankruptcy Code on a coordinated basis with the other Party City Group Companies is expected to preserve more value for such Group Company and its stakeholders than any other available alternative;

**WHEREAS**, the intention of each Governing Body with respect to its applicable Group Company is to use the Bankruptcy Code to implement a plan of reorganization and to emerge with an improved financial position and more sustainable capital structure;

**WHEREAS**, the Governing Bodies have reviewed and considered the Party City Group Companies' need to undertake the restructuring transactions set forth in that certain Restructuring Support Agreement (the "RSA") and have determined that it is in the best interests of each Party City Group Company, its equity holders, its creditors as a whole, and other parties in interest for the Party City Group Companies to enter into the RSA;

**WHEREAS**, each Governing Body has reviewed and considered the Party City Group Companies' collective need for financing in connection with the chapter 11 cases under the Bankruptcy Code, and has determined that it is in the best interests of each Party City Group Company, its equity holders, its creditors as a whole, and other parties in interest, for the Party City Group Companies other than Print Appeal (collectively, the "DIP Company Parties") to enter into the DIP Credit Agreement (as defined below) and one or more related agreements and amendments thereto with the financial institutions from time to time party thereto, pursuant to which the DIP Company Parties will obtain postpetition debtor in possession financing to fund their chapter 11 cases and grant the liens, including the priming liens, required thereby;

**WHEREAS**, each Governing Body has reviewed and considered the Party City Group Companies' collective need under the DIP Documents (as defined below) to provide adequate protection to the Secured Parties (as defined below) in exchange for the ability for the Party City Group Companies to use certain cash collateral that is security for the Secured Parties party to certain of the Party City Group Companies' prepetition debt agreements;

**WHEREAS**, each Governing Body has reviewed and considered the need for the Party City Group Companies to take certain actions in order to perfect any lien or security interest granted under the Interim DIP Order (as defined below) or any of the Credit and Security Documents (as defined below);

**WHEREAS**, each Governing Body has determined that it is desirable and in the best interests of the applicable Party City Group Company and its stakeholders to authorize Party City Holdco Inc. to enter into an agreement (the "CRO Agreement"), on behalf of itself and certain of its subsidiaries, with AlixPartners LLP ("Alix") in order for Alix to make its personnel available to provide certain management services to the Party City Group Companies;

**WHEREAS**, the Governing Bodies have reviewed and considered the need for Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of each Party City Group Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions contemplated by the below resolutions; and

**WHEREAS**, the Governing Bodies have reviewed and considered certain actions that may have previously been taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of any Party City Group Company in connection with or related to the matter set forth in the below resolutions;

2

**NOW, THEREFORE, BE IT:**

1. **Entry into Restructuring Support Agreement**

      **RESOLVED**, that in the judgment of the Governing Body of each Party City Group Company, it is desirable and in the best interest of each such Party City Group Company, its creditors, and other parties in interest, that each Party City Group Company shall be, and hereby is, authorized to enter into the RSA, by and among each Party City Group Company and certain consenting creditors substantially in the form presented to the applicable Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Person (as defined herein) of each Party City Group Company executing the same shall approve, such approval conclusively evidenced by such Authorized Person's execution and delivery thereof; and be it further

      **RESOLVED**, that the Authorized Person be, and hereby is, authorized and empowered to enter into, on behalf of each Party City Group Company, the RSA, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, and in connection therewith, the Authorized Person, with power of delegation, is hereby authorized and directed to execute the RSA on behalf of such Party City Group Company and to take all necessary actions in furtherance of consummation of such agreement's terms; and be it further

2. **Appointment of CRO**

      **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby creates the office of Chief Restructuring Officer; and be it further

      **RESOLVED**, that the Governing Body of Party City Holdco Inc. is authorized and directed to enter into the CRO Agreement and to take any and all actions to advance the Party City Group Companies' rights and obligations in connection therewith, and any such prior actions are hereby ratified in their entirety; and be it further

      **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes the retention of Alix, consistent with the terms of the CRO Agreement, to provide each of the Party City Group Companies with a Chief Restructuring Officer (the "<u>CRO</u>") who shall be Mr. David Orlofsky; and be it further

      **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company hereby authorizes Alix to assign additional personnel to support the CRO and the Party City Group Companies, to serve in various capacities with the Party City Group Companies and to perform other services required of Alix pursuant to the CRO Agreement; and be it further

      **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby appoints Mr. Orlofsky as CRO at such Party City Group Company; and be it further

### 3. <u>Bankruptcy Resolutions</u>

#### a. *Chapter 11 Filings*

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby determines that it is desirable and in the best interests of such Party City Group Company, its equity holders, its creditors as a whole, and other parties in interest that such Party City Group Company file a voluntary petition for relief (the "<u>Petition</u>" and, together with the similar petitions by all other Party City Group Companies, the "<u>Petitions</u>") and commence a case (collectively, the "<u>Bankruptcy Cases</u>") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>"); and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes, directs, and empowers any officer or other authorized person of any of the Party City Group Companies, including the CRO (each, an "<u>Authorized Person</u>"), acting in the name and on behalf of such Party City Group Company, to (i) execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof, any modifications to the Petition or ancillary documents, and to (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, and other motions, objections, replies, applications, and other papers or documents advisable, appropriate, convenient, desirable, or necessary in connection with the foregoing; and be it further

**RESOLVED**, that in connection with the filing of the Petitions, each Governing Body, acting with respect to its applicable Party City Group Company, hereby (i) authorizes and directs the Authorized Persons, in the name and on behalf of such Party City Group Company, to engage in discussions and negotiations with all stakeholders in order to prosecute the Bankruptcy Cases, (ii) authorizes, adopts, and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Bankruptcy Court any motions, pleadings, and any other documents to be performed or agreed to by such Party City Group Company that are reasonably necessary for prosecution of and in connection with the proceedings of the Bankruptcy Cases (collectively, the "<u>Ancillary Documents</u>"), and (iii) authorizes and directs the Authorized Persons, in the name and on behalf of such Party City Group Company, to execute and deliver (with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof) each of the Ancillary Documents to which such Party City Group Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such Party City Group Company to perform its obligations thereunder; and be it further

#### b. *Retention of Professionals*

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ certain individuals and/or firms as counsel, professionals, consultants, accountants, restructuring advisors, or financial advisors to such Party

4

City Group Company as such Authorized Person, or any one of them, may deem advisable, appropriate, convenient, desirable, or necessary to represent and assist such Party City Group Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed appropriate applications for authority to retain the services of such individuals and firms; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and Porter Hedges LLP ("Porter Hedges") to represent such Party City Group Company as chapter 11 counsel and to represent and assist such Party City Group Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Party City Group Company's rights, including the preparation of pleadings and filings in the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and Porter Hedges; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ Moelis & Company LLC (the "Investment Banker") to represent such Party City Group Company and provide certain financial advisory and investment banking services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Investment Banker; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ AlixPartners, LLP (the "Consultant") to represent such Party City Group Company and provide consulting services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Consultant; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on

behalf of such Party City Group Company, to employ Kroll Restructuring Administration LLC (the "Claims Agent") to represent such Party City Group Company and provide notice and claims agent services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Claims Agent; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

      **RESOLVED**, that each Governing Body, acting with respect to its applicable Party City Group Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such Party City Group Company, to employ A&G Realty Partners, LLC (the "Real Estate Advisor") to represent such Party City Group Company and provide real estate advisory services to such Party City Group Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such Party City Group Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Real Estate Advisor; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

### c. *Postpetition Financing*

      **RESOLVED**, that each applicable Governing Body acting with respect to its applicable DIP Company Party hereby determines that it is desirable and in the best interests of such DIP Company Party, its equity holders, its creditors as a whole, and other parties in interest, that such DIP Company Party shall be, and hereby is, authorized to obtain and/or provide senior secured superpriority postpetition financing (the "DIP Financing") on the terms and conditions of the proposed debtor in possession credit agreement (the "DIP Credit Agreement") among the DIP Company Parties, each in their respective capacities thereunder, financial institutions from time to time party thereto as lenders (the "DIP Lenders"), the administrative agent and collateral agent (in such capacities, the "DIP Agent"), and other agents and entities from time to time party thereto substantially in the form presented to such Governing Body on or prior to the adoption of this resolution, with such changes, additions, and modifications thereto as any Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

      **RESOLVED**, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby authorizes and directs each of the Authorized Persons to enter into, execute, deliver, and perform the transactions, and any and all other agreements, instruments, and documents deemed necessary or desirable to evidence and secure the obligations under the DIP Financing on the terms set forth in the Credit and Security Documents (as defined herein), including, without limitation, the DIP Credit Agreement, any promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, subordination agreements, intercreditor agreements, agreements with third parties (including, without limitation, lockbox agreements, cash

management agreements, deposit account control agreements, and blocked account control agreements) relating to the collateral, indemnity agreements, certificates, affidavits, financing statements, applications, notices, and other agreements of any kind or nature whatsoever substantially in the form presented to such Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof (collectively, with the DIP Credit Agreement, the "Credit and Security Documents"); and be it further

RESOLVED, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby determines that the form, terms, and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the Credit and Security Documents to which such DIP Company Party is a party, are hereby authorized, approved, and adopted in all respects and each DIP Company Party is hereby authorized to (i) execute and deliver the Credit and Security Documents to which such DIP Company Party is a party, (ii) perform its obligations thereunder, including to borrow or lend, as applicable, under the DIP Credit Agreement, mortgage, charge, assign, pledge, and otherwise transfer and encumber and grant security interests in its present and future real and leasehold property, equipment, inventory, intangibles, undertakings, and other property and assets as security for its present and future obligations under or in connection with the DIP Financing and the Credit and Security Documents to which the DIP Company Party is a party, and (iii) take all actions contemplated thereby; and be it further

RESOLVED, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby determines that such DIP Company Party will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders and noteholders (collectively, the "Secured Parties") party to (i) the ABL Credit Agreement, dated as of August 19, 2015 (as amended, restated, waived, supplemented, or otherwise modified prior to the date hereof), by and among PC Intermediate Holdings, Inc., Party City Holdings Inc., Party City Corporation, the lenders from time to time party thereto and JPMorgan Chase Bank, N.A., as the administrative agent and collateral agent, and the guarantors from time to time party thereto, (ii) the Senior Secured First Lien Floating Rate Notes due 2025 Indenture, dated as of July 30, 2020 (as amended, restated, waived, supplemented, or otherwise modified prior to the date hereof), among Party City Holdings Inc., as issuer, Ankura Trust Company, LLC, as trustee and collateral trustee, and the guarantors party thereto from time to time, and (iii) the 8.750% Senior Secured First Lien Notes due 2026 Indenture, dated as of February 19, 2021 (as amended, restated, waived, supplemented, or otherwise modified prior to the date hereof), among Party City Holdings Inc., as issuer, PC Intermediate Holdings, Inc., Ankura Trust Company, LLC, as trustee and collateral trustee, and the guarantors party thereto from time to time; and be it further

RESOLVED, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby determines that, to incur the DIP Financing and to use and obtain the benefits of the Cash Collateral, and in accordance with sections 363 and 364 of the Bankruptcy Code, such DIP Company Party will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), and authorizes and directs such DIP

Company Party, as debtor and debtor in possession under the Bankruptcy Code, and each of the Authorized Persons, to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate in connection with providing such adequate protection; and be it further

RESOLVED, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby authorizes, adopts, and approves the form, terms, and provisions of the proposed order authorizing, among other things, the DIP Company Parties' entry into the DIP Credit Agreement on an interim basis (the "Interim DIP Order") to which such DIP Company Party is or will be subject and the actions and transactions contemplated thereby, and each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of such DIP Company Party, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such DIP Company Party is or will be a party, including any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order and the Credit and Security Documents, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to such Governing Body on prior to the adoption of this resolution, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

RESOLVED, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby authorizes and directs each of the Authorized Persons, in the name and on behalf of such DIP Company Party, to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such DIP Company Party that the DIP Agent deems necessary, desirable, or appropriate to perfect any lien or security interest granted under the Interim DIP Order or any of the Credit and Security Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such DIP Company Party and such other filings in respect of intellectual and other property of such DIP Company Party, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order; and be it further

RESOLVED, that each applicable Governing Body, acting with respect to its applicable DIP Company Party, hereby authorizes and directs each of the Authorized Persons, in the name and on behalf of such DIP Company Party, to take all such further actions, including to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Obligations and appropriate fees and expenses incurred by or on behalf of such DIP Company Party, which shall be in his or her sole judgment necessary, proper, or advisable to perform any of such DIP Company Party's obligations under or in connection with the Interim DIP Order, the Credit and Security Documents, any other documents related to the

provision of adequate protection, or any of the other ancillary documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

### 4. <u>General</u>

**RESOLVED**, that each of the Authorized Persons be, and each of them individually hereby is, authorized, directed, and empowered from time to time in the name and on behalf of each Party City Group Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such Authorized Person or any one of them may deem advisable, appropriate, convenient, desirable, or necessary to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, (ii) perform the obligations of each Party City Group Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by such Party City Group Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that all actions previously taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of any Party City Group Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such Party City Group Company.

[*Remainder of Page Intentionally Blank*]

Fill in this information to identify the case:

Debtor Name: <u>Party City Holdco Inc., *et al.*</u>

United States Bankruptcy Court for the: <u>Southern District of Texas</u>

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          **12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured [1] | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Ankura Trust Company, LLC as Trustee to 6.625% Senior Notes - due 2026 Ankura Trust Company, LLC, as Trustee and Collateral Trustee, 140 Sherman Street, Fourth Floor, Fairfield, CT 06824 | Krista Gulalo Phone: 475-282-1580 Krista.Gulalo@ankura.com | 6.625% Senior Notes due 2026 | | | | $92,254,000 |
| 2 | Wilmington Trust, National Association as Trustee to 6.125% Senior Notes - due 2023 Wilmington Trust, National Association 246 Goose Lane, Suite 105 Guilford CT 06437 | Emilia Gazzuolo Phone: 612-217-5640 Fax: 612-217-5651 EGAZZUOLO@WilmingtonTrust.com | 6.125% Senior Notes due 2023 | | | | $22,924,000 |
| 3 | DAH LOONG DEVELOPMENT 8F NO.217 SEC 3 NANJING E RD, TAIPEI 104 | JOSEPHINE CHEN Phone: 886-2206-7155 jochen@dahloong.com.tw | Trade Debt | | | | $7,398,182 |
| 4 | DENTSU X LLC 32 AVENUE OF THE AMERICAS 16TH FLOOR NEW YORK, NY 10013 | Jordan Barker, Boris Litvinov, Jasmin Allen Phone: 630-881-5034, 646-970-0911 Jordan.barker@dentsu.com Boris.litvinov@dentsu.com jasmin.allen@dentsu.com | Trade Debt | | | | $5,591,937 |
| 5 | CAC SPECIALTY 115 OFFICE PARK DR. STE. 200, BIRMINGHAM, AL 35223 | Brad Kotlewski Phone: 201-658-9959 Brad.Kotlewski@cacspecialty.com | Trade Debt | | | | $3,425,550 |

---

[1] Trade Vendor amounts are based on adjusted 12/31/2022 AP reports from Retail and Wholesale segments

Debtor    <u>Party City Holdco Inc., *et al.*</u>          Case number (if known) _____

       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured [1] | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | MARYLAND PLASTICS INC 251 EAST CENTRAL AVE, FEDERALSBURG, MD, 21632 | DAN PENROD Phone: 410-754-5566 DANP@MDPLASTICSINC.COM | Trade Debt | | | | $3,228,204 |
| 7 | EVERTS (MALAYSIA) SDN.BHD. 103-107 JALAN USAHA 6 KAWASAN, MELAKA, MY 75450 | NURUL IZZAH ALIAS 606-2513800 IZZAH@EVERTS.COM.MY | Trade Debt | | | | $3,189,338 |
| 8 | TRICK OR TREAT STUDIOS 3170 MAR VISTA DRIVE APTOS, CA 95003 | NIGEL FEBLAND, CHRIS ZEPHRO Phone: 917-864-1685, 831-234-2762 THEFEBLANDGROUP@GMAIL.COM chris@trickortreatstudios.com | Trade Debt | | | | $2,982,717 |
| 9 | SALSON LOGISTICS INC 888 DOREMUS AVENUE NEWARK, NJ 07114 | Dawn Castronova Phone: 973-986-0211 Dcastronova@salson.com | Trade Debt | | | | $2,787,363 |
| 10 | MISSION PETS INC 986 MISSION ST, FL 5 SAN FRANCISCO, CA 94103 | ALICE TSE Phone: 415-904-1106 ALICE@MISSION-PETS.COM | Trade Debt | | | | $1,801,000 |
| 11 | JOHN TYLER ENTERPRISES INC 550 CRESCENT BLVD GLOUCESTER CITY, NJ 8030 | Jason Bishop, Jillian Scafide Phone: 856-456-5668 Jason.Bishop@enternest.com, Jillian.Scafide@enternest.com | Trade Debt | | | | $1,766,726 |
| 12 | MCLANE COMPANY LLC 6201 HK DODSEN LOOP NW TEMPLE, TX 76502 | CARLY BRIDGERS Phone: 479-295-2788 CARLY.BRIDGERS@MCLANECO.COM | Trade Debt | | | | $1,741,583 |
| 13 | SINOMAC INTERNATIONAL LIMITED- UNIT 2501, GLOBAL GATEWAY TOWER 63 WING HONG STREET, CHEUNG SHA WAN, KOWLOON | FIONA NGAO Phone: 852-242-61621 FIONA@SUNWING.COM.HK | Trade Debt | | | | $1,719,011 |
| 14 | WORTHINGTON CYLINDER PA 27406 NETWORK PLACE CHICAGO, IL 60673-1274 | BRAD KUSHINSKI Phone: 614-840-3953 BRAD.KUSHINSKI@WORTHINGTONINDUSTRIES.COM | Trade Debt | | | | $1,668,437 |
| 15 | KING ZAK INDUSTRIES, INC. 3 POLICE DRIVE GOSHEN, NY 10924 | SAADIA ZAKARIN Phone: 845-291-1200 SZAKARIN@KINGZAK.COM | Trade Debt | | | | $1,662,712 |

Official Form 204       **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**

Debtor ___Party City Holdco Inc., *et al.*_____     Case number (if known) _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured [1] | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | KAY GLOBAL GROUP INC 1 MIDDLETON ST#3R BROOKLYN, NY 11206 | IZZY KRAUS Phone: 718-306-9773 izzy@kaygrp.com | Trade Debt | | | | $1,661,545 |
| 17 | ITS NATIONAL LLC 555 VISTA BLVD SPARKS, NV 89434 | JEFF JANZA Phone: 775-501-3200 jjanza@its4logistics.com | Trade Debt | | | | $1,638,633 |
| 18 | NINGBO JINGCHENG PLASTIC PRDTS- MARKET UNION CO., LTD, 8F, NO1 BLDG HIGH TECH AND SCIENCE, NO 1498 SQUARE, JINGNAN ROAD NINGBO, ZHEJIANG, 315300 | JANE WANG Phone: 86-574-8622-1063 JANE@CHINASINCERE.COM | Trade Debt | | | | $1,554,884 |
| 19 | PRAXAIR DISTRIBUTION INC 5860 CHEDWORTH WAY MISSISSAUGA, ON L5R 0A2, Canada | Theresa Allen, Abhijeet Parmar Phone: 1-515-963-3887 Theresa.Allen@linde.com Abhijeet.Parmar@linde.com | Trade Debt | | | | $1,336,958 |
| 20 | SHIPT INC 420 20TH ST NORTH SUITE 1000 BIRMINGHAM, AL 35203 | Lindsay Miller Guy Phone: 205-305-9766 lguy@shipt.com | Trade Debt | | | | $1,304,960 |
| 21 | XINLE HUABAO PLASTIC PRDTS CO NO 210 NANHUAN ROAD, XINLE, HEB 050700 | TRACY ZHU Phone: 86-311-8859-5779 ZHIPIN@HUABAOSULIAO.COM | Trade Debt | | | | $1,277,665 |
| 22 | NINGBO LILART IMP&EXP CO LTD NO 35 HUACHENG GARDEN NO 611, NINGBO, ZJ 315100 | CATHERINE WANG Phone: 0574-5571-2783 SALES01@LILART.CN | Trade Debt | | | | $1,253,566 |
| 23 | DANCKER LLC 291 EVANS WAY SOMERVILLE, NJ 8876 | Steven Lang, Ted Grillo Phone: 908-231-1600, 908-252-6102 info@dancker.com TGrillo@dancker.com | Trade Debt | | | | $1,214,951 |
| 24 | FUNWORLD 80 VOICE ROAD CARLE PLACE, NY 11514 | ALAN GELLER Phone: 516-873-9000 x222 ALANG@FUN-WORLD.NET | Trade Debt | | | | $1,198,038 |
| 25 | ZHEJIANG XIELI(CN) S- NO. 19-133 CENDONG ROAD, WENZHOU, ZJ 325802 | GEORGINA WANG Phone: 86-18868159263 GEORGINA@XIELICN.COM | Trade Debt | | | | $2,163,710 |

Debtor      Party City Holdco Inc., *et al.*                                    Case number (if known) _____

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured [1] | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | WUXI RAYCHINA INTL CORP 28F MINGZHU MANSION NO 88-1, WUXI, JS 214001 | Chenye Yin Phone: 0086-510-82739499 chenye@RAYCHINA-CN.COM | Trade Debt | | | | $1,086,056 |
| 27 | WING HING PLASTIC BAGS IND. CO FLAT A1,10F/L,KIN HING IND BLD, KWAI CHUNG, N.T., HK 0 | NGO KING HOK Phone: 852-9098-8618 CDNGO@NETVIGATOR.COM | Trade Debt | | | | $1,076,178 |
| 28 | NASSAU CANDY DISTRIBUTORS, INC. 530 WEST JOHN ST. HICKSVILLE, NY 11801 | CAROL BACA Phone: 516-433-7100 CAROL.BACA@NASSAUCANDY.COM | Trade Debt | | | | $1,075,507 |
| 29 | ZEPHYR SOLUTIONS 1050 LEAR INDUSTRIAL PKWY AVON, OH 44011 | HEATHER KEHL Phone: 440-937-9993 HEATHER@ASKZEPHYR.COM | Trade Debt | | | | $1,054,836 |
| 30 | TERRA WORLDWIDE LOGISTICS, LLC 309E PACES FERRY RD NE,STE 600 ATLANTA, GA 30305 | DAVID TROHA Phone: 630-327-8094 dtroha@shipterra.com | Trade Debt | | | | $940,971 |

Fill in this information to identify the case and this filing:

Debtor Name __Amscan Purple Sage, LLC__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)[1]

☒ Other document that requires a declaration__Consolidated Corporate Ownership Statement and List of Equity Interest Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/17/2023__          ✖ ____/s/ David Orlofsky_____
                    MM / DD / YYYY          Signature of individual signing on behalf of debtor

                              ____David Orlofsky_____
                              Printed name

                              ____Chief Restructuring Officer_____
                              Position or relationship to debtor

1   The Debtors intend to file a single consolidated list of the Debtors' 30 largest unsecured creditors pursuant to Section F.14(a) of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) Case No. 23-      (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY INTEREST HOLDERS**
**PURSUANT TO FED. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), attached hereto as Exhibit A is an organizational list reflecting all of the ownership interests in Party City Holdco Inc. ("PCHI") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors").   The Debtors respectfully represent as follows:

1.      Each of the Debtors identified on Exhibit A, other than Print Appeal, Inc., is 100% owned by its direct parent.

2.      Print Appeal, Inc. is 70% owned by its direct parent, 15% owned by Jon Hendricks (an individual), and 15% owned by Nicole Hendricks (an individual).

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Party City Holdco Inc. (9758); Amscan Custom Injection Molding, LLC (4238); Amscan Inc. (1359); Amscan Purple Sage, LLC (3514); Am-Source, LLC (8427); Anagram Eden Prairie Property Holdings LLC (8309); Party City Corporation (3692); Party City Holdings Inc. (3029); Party Horizon Inc. (5812); PC Intermediate Holdings, Inc. (1229); PC Nextco Finance, Inc. (2091); PC Nextco Holdings, LLC (7285); Print Appeal, Inc. (5932); and Trisar, Inc. (0659).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

3.      PCHI is the ultimate parent of each of the Debtors and its equity securities are publicly held.  The following chart identifies all holders having an equity ownership interest in PCHI.[2]

| Name | Kind/Class of Interest | Number of Interests Held |
|------|------------------------|--------------------------|
| BlackRock Inc | Common Stock | 6.37% |
| The Vanguard Group Inc | Common Stock | 5.32% |

---

[2] This list reflects holders of five percent or more of Party City's common stock and serves as the disclosure required to be made by the Debtors pursuant to Bankruptcy Rule 1007.  Party City does not and cannot know the precise holdings or identity of the holders of its publicly held common stock.  Thus, by separate motion filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Rule 1007 to file a list of all its equity security holders.

**Exhibit A**

| Debtor | Equity Holder(s) | Percentage of Ownership | Last Known Address of Equity Holder |
|---|---|---|---|
| PC Nextco Holdings, LLC | Party City Holdco Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| PC Intermediate Holdings, Inc. | PC Nextco Holdings, LLC | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| PC Nextco Finance, Inc. | PC Nextco Holdings, LLC | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Party City Holdings Inc. | PC Intermediate Holdings, Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Party City Corporation | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Amscan Inc. | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Anagram Eden Prairie Property Holdings LLC | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Am-Source, LLC | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Trisar, Inc. | Party City Holdings Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Amscan Custom Injection Molding, LLC | Amscan Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Amscan Purple Sage, LLC | Amscan Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Party Horizon Inc. | Amscan Inc. | 100% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| Print Appeal, Inc. | Amscan Inc. | 70% | 100 Tice Blvd. Woodcliff Lake, NJ 07677 |
| | Jon Hendricks | 15% | 11220 Pagemill Rd. Dallas, TX 75243 |
| | Nicole Hendricks | 15% | 11220 Pagemill Rd. Dallas, TX 75243 |